UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-cr-00003-SEB-DML |
| | ) | |
| DEVON YOUNG, | ) | -17 |
| | ) | |
| Defendant. | ) | |

**Order Granting Defendant's**
**Motion to Reduce Sentence Pursuant to the First Step Act of 2018**

On January 18, 2011, a jury convicted Devon Young of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 ("conspiracy charge") and one count of possession with intent to distribute a mixture or substance containing a detectable amount of powder cocaine in violation of 21 U.S.C. § 841(a)(1) ("possession charge"). Dkt. 716. Currently serving a 360-month sentence, he now seeks a sentence reduction pursuant to the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, §§2-3, 124 Stat. 2372, 2372 (2010), and the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). *See* dkts. 1482, 1575. The United States opposes the motion. For the reasons set forth below, the court **grants** Mr. Young's motions.

## I. Background

Mr. Young seeks a sentence reduction from 360 months' imprisonment to 240 months' imprisonment and from 10 years' supervised release to eight years' supervised release pursuant to § 404(b) of the First Step Act. Dkt. 1575 at 1.[1] In response, the United States argues that Mr.

---

[1] In his *pro se* motion to reduce sentence, Mr. Young requested a reduction in his sentence to time served and asserted several other challenges to the calculation of his sentence. *See* dkt. 1482. Any

Young is not eligible for a sentence reduction because he was sentenced after enactment of the Fair Sentencing Act. Dkt. 1583 at 2-3.

### A. Fair Sentencing Act of 2010 and First Step Act of 2018

Congress passed the Anti-Drug Abuse Act of 1986 in an effort to remedy the nationwide fear of drug abuse—in particular—crack cocaine. *See generally United States v. Shull*, 793 F. Supp. 2d 1048, 1050 (S.D. Ohio 2011) (discussing the history of crack cocaine sentencing and the Anti-Drug Abuse Act of 1986); *United States v. Watts*, 775 F. Supp. 2d 263, 266–67 (D. Mass 2011) (same). The Anti-Drug Abuse Act created a harsh sentencing disparity between crack cocaine and powder cocaine offenses. *Kimbrough v. United State*s, 552 U.S. 85, 94–95 (2007); *see also Dorsey v. United States*, 567 U.S. 260, 263 (2012) (noting the act imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one one-hundredth that amount in crack cocaine).

That disparity was not addressed until Congress enacted the Fair Sentencing Act in 2010. *Dorsey*, 567 U.S. at 264; *see also United States v. Dodd*, 372 F. Supp. 3d 795, 799 (S.D. Iowa 2019) (noting the Fair Sentencing Act was passed to remedy the disproportionately harsh sentences imposed for crack cocaine). Among other things, the Fair Sentencing Act increased the amount of crack cocaine required to trigger certain mandatory minimums. *United States v. Booker*, No. 07-CR-843-7, 2019 WL 2544247, at *1 (N.D. Ill. June 20, 2019) (citing *Dorsey*, 567 U.S. at 264). Relevant here, it increased the amount of crack cocaine required to trigger a sentence between the

---

arguments presented in Mr. Young's *pro se* motion to reduce sentence but not in his second motion to reduce sentence are abandoned. Additionally, to the extent Mr. Young may still desire a sentence reduction to time served, such a reduction is impossible because the statutory mandatory minimum sentence for the conspiracy charge remains 240 months' imprisonment based on the jury's determination of the amount of powder cocaine involved in the conspiracy charge. *See* 21 U.S.C. § 841(b)(1)(A) (eff. Aug. 3, 2010 to Dec. 20, 2018).

range of ten years to life in prison, with possible enhancement to 20 years to life in prison with a prior felony drug conviction, from 50 grams to 280 grams. 21 U.S.C. § 841(b)(1)(A) (eff. Aug. 3, 2010 to Dec. 20, 2018)[2]; *see also Booker*, 2019 WL 2544247 at *1.

Signed into law on December 21, 2018, the First Step Act makes retroactive the Fair Sentencing Act's reduction in the disparity between crack and powder cocaine sentences. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 115th Cong. § 404 (2018). Section 404 reads as follows:

(a) Definition of covered offense.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) Defendants previously sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) Limitations.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Pub. L. No. 115-391, § 404.

---

[2] Pursuant to the Fair Sentencing Act, § 841(b)(1)(B) provides for a sentencing range of five to 40 years if the offense involved "28 grams or more" of crack cocaine, but less than 280 grams of crack cocaine, with possible enhancement to 10 years to life with a prior felony drug conviction. 21 U.S.C. § 841(b)(1)(B)(eff. Aug. 3, 2010 to Dec. 20, 2018).

In other words, the First Step Act permits this court to impose a reduced sentence for certain offenses that were committed before August 3, 2010, in accordance with the Fair Sentencing Act, if no such reduction was previously granted. *Id.* §§ 404(b), (c).

Mr. Young hopes to benefit under these statutes because the conspiracy charge involved crack cocaine.

### B. Procedural History

In January 2010, a grand jury returned a superseding indictment against Mr. Young and several co-defendants. Dkt. 177. As stated above, Mr. Young was named in the conspiracy charge and one possession charge. *Id.* The United States filed an information pursuant to 21 U.S.C. § 851 in August 2010, stating that Mr. Young had a prior felony drug conviction for possession of cocaine. Dkt. 481. A jury convicted Mr. Young of both charges. Dkt. 716. With respect to the conspiracy charge, the jury found that the conspiracy involved 50 grams or more of crack cocaine and five kilograms or more of powder cocaine. *Id.*

A presentence investigation report ("PSR") was prepared prior to Mr. Young's sentencing hearing. Dkt. 775. The PSR determined that Mr. Young was responsible for over 6.6 kilograms of powder cocaine and almost 42 grams of crack cocaine and used these amounts to calculate a total offense level of 41. *See id.* at ¶¶ 41-51. With a criminal history category of III, Mr. Young's guidelines range for imprisonment was 360 months to life. *Id.* at ¶ 99. Because of Mr. Young's prior felony drug conviction and the amount of crack and powder cocaine involved, the PSR concluded that the statutory term of imprisonment for Mr. Young was 20 years' to life imprisonment. *Id.* at ¶ 97. The Court sentenced Mr. Young to an aggregate term of 360 months' imprisonment to be followed by 10 years' supervised release. Dkt. 907. Mr. Young's convictions

and sentence were affirmed on appeal. *United States v. Jones*, 763 F.3d 777 (7th Cir. 2014), *vacated on other grounds by United States v. Drake*, 774 F.3d 1104 (7th Cir. 2014).

Mr. Young filed a *pro se* motion to reduce sentence in March 2019. Dkt. 1482. The Court appointed counsel to represent Mr. Young and stayed the matter until counsel filed an amended motion to reduce sentence. Dkt. 1484. Counsel filed an amended motion to reduce sentence on December 21, 2020. Dkt. 1575. The United States has responded, dkt. 1583, and Mr. Young has replied, dkt. 1586.

## II. Discussion

When considering a motion to reduce sentence, a district court is first "faced with the question of whether the defendant is eligible for a sentence reduction. If the defendant is eligible, then the court faces the question of whether it *should* reduce the sentence. *United States v. Hudson*, 967 F.3d 605, 610 (7th Cir. 2020) (citing *United States v. Shaw*, 957 F.3d 734, 736 (7th Cir. 2020). Mr. Young argues both that he is eligible for a sentence reduction, dkt. 1575 at 6-10, and that he should receive a sentence reduction, *id.* at 10-13. The United States focuses solely on eligibility and argues that Mr. Young is not eligible for relief because he was sentenced under the provisions of the Fair Sentencing Act. Dkt. 1583 at 2-3.

### A. Eligibility for Sentence Reduction

Mr. Young is eligible for a sentence reduction. First, he was convicted of a "covered offense." Specifically, the conspiracy charge involved crack cocaine. *See* dkt. 177 at 2 (listing distribution of 50 grams or more of crack cocaine as an object of the conspiracy); dkt. 716 at 2 (jury verdict indicating conspiracy charge involved 50 grams or more of crack cocaine). Although the conspiracy charge also involved powder cocaine and the possession charge was based on possession of powder cocaine, a court may consider whether to reduce a defendant's sentence if

5

the defendant's sentence included both covered offenses and other offenses. *United States v. Hudson*, 967 F.3d 605, 610-11 (7th Cir. 2020) ("In sum, a court is not limited under the text of the First Step Act to reducing a sentence solely for a covered offense. Instead, a defendant's conviction for a covered offense is a threshold requirement of *eligibility* for resentencing on an aggregate penalty. Once past that threshold, a court may consider a defendant's request for a reduced sentence, including for non-covered offenses that are grouped with the covered offenses to produce the aggregate sentence.").

Second, the statutory penalty for the conspiracy charge—insofar as it involved crack cocaine—was modified by § 2 of the Fair Sentencing Act. Considering Mr. Young's prior felony drug conviction, the statutory mandatory minimum for conspiracy to distribute 50 grams or more of crack cocaine went from 20 years' imprisonment, *see* 21 U.S.C. § 841(b)(1)(A) (eff. April 15, 2009 to Aug. 2, 2010), to 10 years' imprisonment, *see* 21 U.S.C. § 841(b)(1)(B) (eff. Aug. 3, 2010 to Dec. 20, 2018).

The United States' argument that Mr. Young was sentenced under the provisions of the Fair Sentencing Act, dkt. 1583 at 2-3, is incorrect. Although Mr. Young was sentenced after enactment of the Fair Sentencing Act, at the time he was sentenced, the Fair Sentencing Act did not apply to defendants whose conduct occurred prior to enactment of the Fair Sentencing Act. *See United States v. Fisher*, 635 F.3d 336, 340 (7th Cir. 2011) (holding "that the relevant date for a determination of retroactivity [of the Fair Sentencing Act] is the date of the underlying criminal conduct, not the date of sentencing"), *overruled by Dorsey v. United States*, 567 U.S. 260 (2012). Thus, as the PSR reflects, the Court applied the pre-Fair Sentencing Act version of 21 U.S.C. § 841 to Mr. Young.

Finally, Mr. Young committed his offenses prior to enactment of the Fair Sentencing Act on August 3, 2010, and he has not previously sought relief under § 404 or been denied relief "after a complete review of the motion on the merits." Pub. L. No. 115-391, § 404(a), (c). Having found Mr. Young eligible for a sentence reduction under the First Step Act, the Court now considers what relief is appropriate in this case.

### B. Relief Warranted

When determining what relief, if any, is warranted for a defendant eligible for a reduced sentence under the First Step Act, the Court must rely upon the record and consider the parties' arguments. *United States v. Shaw*, 957 F.3d 734, 740 (7th Cir. 2020). The Seventh Circuit has stated that a defendant's "post-sentencing conduct may be relevant," and that it "makes good sense" to use "§ 3553(a)'s familiar framework when assessing a defendant's arguments." *Id.* at 741. Accordingly, the Court will examine both the § 3553(a) factors and Mr. Young's post-sentencing conduct to determine whether Mr. Young should receive a sentence reduction.

Starting with the sentencing ranges applicable to Mr. Young, *see* 18 U.S.C. § 3553(a)(4), a jury found that the conspiracy charge involved five kilograms or more of powder cocaine. Dkt. 716. Because the Fair Sentencing Act and First Step Act did not modify the statutory provisions applicable to offenses involving powder cocaine, Mr. Young is subject to a statutory mandatory minimum sentence of 20 years', or 240 months', imprisonment and 10 years' supervised release. *See* 21 U.S.C. § 841(b)(1)(A) (eff. Aug. 3, 2010 to Dec. 20, 2018). His guideline range using the 2018 Sentencing Guidelines is 324 to 405 months' imprisonment. Dkt. 1589.

Mr. Young requests a 240-month term of imprisonment and an eight-year term of supervised release. Dkt. 1575 at 1. He asserts that such a sentence is warranted because the prior felony drug conviction identified in the § 851 information would not trigger an enhanced sentence

under current law, he has served a significant portion of his sentence, he has strong familial support, his risk of recidivism is low given his age, and he has not incurred an incident report since November 2018. *Id.* at 11-13. The United States presents no argument concerning whether Mr. Young should receive a sentence reduction. *See* dkt. 1583.

Having considered the record in this case, the Court concludes that a reduction in Mr. Young's sentence is warranted. In reaching this conclusion, the Court considers the facts laid out in 18 U.S.C. § 3553(a). Specifically, "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a). The Court:

> [S]hall consider . . . (2) the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §§ 3553(a)(1), (2).

Considering the § 3553(a) factors, the current applicable guidelines range, and all other pertinent information about Mr. Young's history and conduct, including post-offense conduct, this Court finds that Mr. Young's sentence shall be reduced to a term of 240 months. As explained above, his term of supervised release must remain 10 years.

A 240-month term of imprisonment is a significant sentence and is sufficient to reflect the seriousness of Mr. Young's offenses, to promote respect for the law, and to punish Mr. Young for the offenses. Mr. Young has already served over 11 years of his sentence. His request for a below-guideline sentencing reduction is supported by evidence of his post-sentencing rehabilitation efforts during his incarceration, hie efforts to stay connected to his family—especially his sons—and his lack of significant disciplinary history while incarcerated. The Court specifically notes that

Mr. Young has not had a disciplinary incident since November 2018. *See* dkt. 1589. Considering these circumstances, the guidelines range now overstates the danger Mr. Young presents to the community.

The Court finds that a 240-month sentence is sufficient to afford adequate deterrence to criminal conduct and to protect the public from further crimes of Mr. Young.

**The Court ORDERS the following:**

Mr. Young's motions to reduce sentence, dkt. [1482] and dkt. [1575], are **granted**. His sentences on Counts 1 and 6 are reduced to 240 months' imprisonment. The supervised release term of 10 years shall remain the same.

The conditions of supervised release set forth in the July 5, 2011, Judgment are to remain in effect.

Within **3 business days of the date of this Order, counsel for the United States** is ordered to do the following: (1) transmit the AO247 Order to Mr. Young's custodian; and (2) file a notice with the Court confirming that transmission of the AO247 has occurred.

**IT IS SO ORDERED.**

Date:
_____
3/8/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel