UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

DEVON YOUNG

Case No. 1:10-cr-00003-SEB-MJD-17

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in

sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in

18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-cr-00003-SEB-MJD |
| | ) | |
| DEVON YOUNG, | ) | -17 |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Devon Young seeks compassionate release under § 603 of the First Step Act, which is codified at 18 U.S.C. § 3582(c)(1)(A), dkt. 1673, for a reduction in sentence under § 404 of the First Step Act of 2018, dkt. 1683, and for the appointment of counsel, dkt. 1692. For the reasons explained below, Mr. Young's motions are **denied**.

## I. Background

In 2011, a jury convicted Mr. Young of conspiracy to distribute a mixture or substance containing 5 kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), and possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (Count 6). Dkt. 712; 907. With a criminal history category of III, Mr. Young's guidelines range for imprisonment was 360 months to life. Dkt. 775 at 18. In the course of the prosecution, the United States filed an Information under 21 U.S.C. § 851 asserting that Mr. Young had a prior conviction for a felony drug offense. Dkt. 481. The filing of the § 851 Information meant that Mr. Young was subject to an enhanced mandatory minimum sentence of 20 years of imprisonment for Count 1 under § 841 as it existed at the time. Dkt. 1037 at 49, 77–78 (sentencing transcript). The Court sentenced Mr. Young to an aggregate term of 360 months' imprisonment followed by 10 years of supervised release. Dkt. 907. Mr. Young's convictions and sentence were

2

affirmed on appeal. *United States v. Jones*, 763 F.3d 777 (7th Cir. 2014), *vacated on other grounds by United States v. Drake*, 774 F.3d 1104 (7th Cir. 2014).

In 2020, Mr. Young moved to reduce his sentence under § 404 of the First Step Act of 2018, Pub. L. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018), which made retroactive some changes to the statutory penalties for crack-cocaine trafficking contained in the Fair Sentencing Act of 2010. Dkts. 1482, 1575. The Court determined that Mr. Young was eligible for a sentence reduction under § 404 and then considered what relief was warranted by, among other things, examining the sentencing factors in 28 U.S.C. § 3553(a). Dkt. 1591 at 5–9. Notably, Mr. Young was convicted of a multi-object conspiracy involving both powder cocaine and crack cocaine. So, although he was eligible for a sentence reduction under § 404, the Court could not reduce his sentence of imprisonment below 240 months, which was the mandatory minimum sentence for Count 1 based on the weight of powder cocaine involved in the conspiracy—a minimum sentence that was not changed by the Fair Sentencing Act. *See id.* at 1–2 n.1.

With respect to the § 3553(a) factors, Mr. Young asked the Court to reduce his sentence to 240 months, which was well below the then-applicable guidelines range of 324 to 405 months. *Id.* at 7. In requesting the 240-month sentence, Mr. Young argued, in part, that if he were sentenced under current law, his prior felony drug conviction would no longer trigger an enhanced mandatory minimum sentence under § 841. *Id.* at 7–8. The Court granted Mr. Young's motion and reduced his sentence to 240 months—the statutory minimum under the Fair Sentencing Act of 2010, *see* 21 U.S.C. § 841(b)(1)(A). Dkt. 1591.

The following year, Mr. Young again moved for a reduced sentence, arguing that the court failed to consider Amendment 782 to the Sentencing Guidelines, which lowered by two levels the base offense level for his drug crime as specified in the Drug Quantity Table, *see* U.S.S.G. § 1B1.10(d); Supp. to App. C, amend. 782 (2014). Dkt. 1599. The Court denied the motion on March

17, 2022, noting that it had sentenced Mr. Young to the statutory minimum term, that Amendment 782 does not permit a sentence below the statutory minimum, and that the amendment already had been incorporated into the prior guideline calculations. Dkt. 1617. Mr. Young did not appeal that decision. Two months later, Mr. Young moved for reconsideration, stating that he had only recently received the Court's decision. Dkt. 1627. Mr. Young raised the same arguments that he made in his preceding motion. On July 11, 2022, the Court denied that motion for the same reasons stated in its March 17 order. Dkt. 1636. Mr. Young filed an appeal, dkts. 1641, 1661, and in August 2023, the Seventh Circuit affirmed this Court's decision, finding that "[t]he court had resentenced Young under the 2018 Guidelines, which incorporated the changes to the Drug Quantity Table introduced by Amendment 782. And in any event, Young had been sentenced to the statutory minimum prison term for his offense." Dkt. 1689 at 5.

Mr. Young has now filed a pro se motion for compassionate release. Dkt. 1673. In his motion, Mr. Young argues that he establishes extraordinary and compelling reasons for compassionate release because, if he were sentenced today, the prior conviction used to enhance his sentence under § 851 could no longer qualify as an enhancing prior conviction, and he would therefore likely receive a lower sentence. Dkt. 1673. He also argues that his medical conditions (diabetes, coughing, shortness of breath, age (50 years old), sleep apnea and hypertension) establish an extraordinary and compelling reason for release. He also states that he remains at higher risk of severe illness from COVID-19 due to those conditions. Mr. Young also seeks to have the Court apply the December 16, 2022 Memo from the Attorney General which addresses ending disparities in crack cocaine/powder cocaine. Dkt. 1673 at 4. Finally, Mr. Young argues that he has rehabilitated himself while in prison. Mr. Young followed this motion with motions for a reduction in sentence under § 404 of the First Step Act of 2018, dkt. 1683, and for the appointment of counsel, dkt. 1692. Mr. Young also submitted an affidavit

in support of his motions. Dkt. 1691. The Court has concluded that it can resolve these motions without a response from the United States.

## II. Discussion

### A.  Motion for Counsel

Mr. Young has requested the appointment of counsel to represent him in this matter. Dkt. 1692. Mr. Young states that he would like counsel to pursue relief under recently "new laws" regarding "enhancements." *Id.* Because Mr. Young's motion is not specific regarding the relief for which he is seeking the appointment of counsel, the Court construes his motion as requesting counsel for the only motions he has pending at the time this motion was filed, that is his motions for compassionate release and for § 404 relief.

There is no statutory authority entitling a defendant to counsel when pursuing a compassionate release motion or a § 404 relief motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Accordingly, Mr, Young's request for the appointment of the federal public defender's office is **denied**.

Because the Court is unable to appoint counsel, it *sua sponte* considers whether *pro bono* counsel should be recruited. The Court also finds that Mr. Young is not entitled to the appointment of pro bono counsel. When addressing a request for pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019)

(holding that, because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Young has not indicated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. As to the second question, the Court finds that Mr, Young has adequately pled his motion without legal assistance and his *pro se* literacy is quite evident. For these reasons, Mr. Young has not shown that pro bono counsel should be recruited and his request for assistance with recruiting counsel must therefore be denied.

     *B.  Motion for Compassionate Release*

     The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

     1.  Sentencing Disparity

     Mr. Young contends that the disparity between the sentence he received and the sentence he might receive if he was sentenced today establishes an extraordinary and compelling reason to release him. For several years, the Seventh Circuit has repeatedly affirmed its conclusion that non-retroactive statutory changes and new judicial decisions are not extraordinary and compelling reasons for

granting compassionate release, whether considered alone or in combination with any other factors. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i) and that district court cannot consider change, whether alone or in combination with any other factor, when determining whether defendant has established extraordinary and compelling reasons potentially warranting a sentence reduction). As summarized by the Seventh Circuit:

> When deciding whether "extraordinary and compelling reasons", 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions.... *There's nothing "extraordinary" about new statutes or caselaw*, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.

*United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (emphasis added; cleaned up); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (quoting *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction")).  Under the *Thacker* line of cases, any potential sentencing disparity clearly does not qualify as an extraordinary and compelling reason potentially warranting a sentence reduction, and the Court would abuse its discretion were it to find otherwise.

The Court recognizes that, effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited Feb. 8, 2024). One such new circumstance is related to defendants who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The *Thacker* line of cases can be read to hold that the statutory definition of "extraordinary" does not extend to law changes, which means there is a question about whether the Sentencing Commission exceeded its authority when it added this item to the list of potentially extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A)(i). *See United States v. LaBonte*, 520 U.S. 751, 757 (1997) ("Broad as [the Commission's] discretion may be, however, it must bow to the specific directives of Congress."). The Court need not, however, reach that question in Mr. Young's case because—even if the Commission was within its authority to adopt § 1B1.13(b)(6)—based on the § 3553 factors, the Court would not find that a reduction of the defendant's sentence beyond the reduction previously granted is appropriate. In the Court's prior order, the Court found the following:

> Starting with the sentencing ranges applicable to Mr. Young, *see* 18 U.S.C. § 3553(a)(4), a jury found that the conspiracy charge involved five kilograms or more of powder cocaine. Dkt. 716. Because the Fair Sentencing Act and First Step Act did not modify the statutory provisions applicable to offenses involving powder cocaine, Mr. Young is subject to a statutory mandatory minimum sentence of 20 years', or 240 months', imprisonment and 10 years' supervised release. *See* 21 U.S.C. § 841(b)(1)(A) (eff. Aug. 3, 2010 to Dec. 20, 2018). His guideline range using the 2018 Sentencing Guidelines is 324 to 405 months' imprisonment. Dkt. 1589.

> Mr. Young requests a 240-month term of imprisonment and an eight-year term of supervised release. Dkt. 1575 at 1. He asserts that such a sentence is warranted because the prior felony drug conviction identified in the § 851 information would not trigger an enhanced sentence under current law, he has served a significant

8

> portion of his sentence, he has strong familial support, his risk of recidivism is low given his age, and he has not incurred an incident report since November 2018. *Id.* at 11–13.
>
> …
>
> Considering the § 3553(a) factors, the current applicable guidelines range, and all other pertinent information about Mr. Young's history and conduct, including post-offense conduct, this Court finds that Mr. Young's sentence shall be reduced to a term of 240 months. As explained above, his term of supervised release must remain 10 years.

Dkt. 1591 at 7–8.

Mr. Young has produced no new information which would alter the Court's prior decision and would demand a sentence less than the 240 months. The Court finds that reducing Mr. Young's sentence beyond 240 months would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as [defendant's] is enough; more would be otiose."). In other words, even if the Court had the authority in its prior order to reduce Mr. Young's sentence beyond 240 months to as low as 120 months, it would not have done so, and, even if the Court has such authority currently, the Court finds such a reduction to be inappropriate.

### 2.  Other Extraordinary and Compelling Reasons for Release

Mr. Young's next reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is

an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). The record is not clear as to whether Defendant is vaccinated. Nevertheless, he has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, Defendant "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). If a prisoner "would remain at comparable risk outside prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023); *see also United States v. Santana-Cabrera*, No. 22-2056, 2023 WL 2674363, at *2 (7th Cir. Mar. 29, 2023). For these reasons, the Court declines to exercise its discretion to find that Defendant has carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor.[1] *Barbee*, 25 F.4th at 533; *Vaughn*, 62 F.4th at 1072. Similarly, there is no indication that Mr. Young's medical conditions are debilitating or otherwise affect his ability to provide self-care. Thus, the Court does not find that he has met his burden to establish this is an extraordinary and compelling reason to grant him compassionate release, whether considered alone or together with any other reason.

---

[1] The United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. U.S.S.G. 1B1.13 (Nov. 2023). The Court notes that one such circumstance relates to outbreak of infectious disease in prisons. Defendant does not meet the criteria for that extraordinary and compelling reason either. *See* U.S.S.G. 1B1.13(b)(1)(D) (Nov. 2023).

Mr. Young's reliance on a December 2022 memorandum from the Attorney General is also not an extraordinary and compelling reason to grant compassionate release, whether considered alone or together with any other reason. Because the memo merely provides internal guidance for federal prosecutors, the Court finds that it does not establish an extraordinary and compelling reason for compassionate release.

That leaves Defendant with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides Defendant has made in prison are commendable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d) (Nov. 2023); *United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme. . . . [R]ehabilitation cannot serve as a stand-alone reason for compassionate release.") (cleaned up). The Court does not find that Mr. Young's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant his compassionate release.

In sum, the Court finds that the risk to his physical health presented by COVID-19, December 2022 memorandum from the Attorney General, or his rehabilitation do not establish extraordinary and compelling reasons to release him, whether considered alone or in conjunction with each other or any other reason. Given this determination, the Court need not readdress whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### C.  Motion for Sentence Reduction under § 404

Mr. Young also seeks a sentence reduction under § 404 of the First Step Act, which allows courts to reduce sentences for certain defendants convicted of crimes involving crack cocaine by retroactively applying the amended statutory penalties made by sections 2 and 3 of the Fair Sentencing

Act of 2010. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). This request is **summarily denied**. Mr. Young already filed a motion for sentence reduction under § 404, dkts. 1482, 1575, and the Court granted the motion after considering it on the merits, dkts. 1591, 1592. But § 404(c) explicitly provides that, "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was . . . previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." *see also Concepcion v. United States*, 142 S. Ct. 2389, 2401–02, 213 L. Ed. 2d 731 (2022) ("A district court may not consider a [§ 404] First Step Act motion if the movant's sentence was already reduced under the Fair Sentencing Act or if the court considered and rejected a motion under the First Step Act."). Mr. Young's sentence was already reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010, so the Court cannot hear another motion under § 404.

### III. Conclusion

For the reasons stated above, Defendant's motion for compassionate release, dkt. [1673], motion for sentence reduction, dkt. [1683], and motion for the appointment of counsel, dkt. [1692], are **denied**.

**IT IS SO ORDERED.**

Date:   2/9/2024

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Devon Young
Register Number: 23887-076
FMC Lexington
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

12